TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Ronald Munday

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Munday, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Navy Federal Credit Union,<br><br>Defendant. | CASE NO.: 8:15-cv-01629<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DECLARATORY RELIEF PURSUANT TO 47 U.S.C. § 227, *et seq*. (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>**Demand for Jury Trial** |

CLASS ACTION COMPLAINT

For his Class Action Complaint, Ronald Munday ("Munday" or "Plaintiff"), by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff seeks damages, injunctive relief and declaratory relief resulting from the illegal actions of Navy Federal Credit Union ("NFCU" or Defendant") in contacting Plaintiff and Class members on their cellular telephones for non-emergency purposes using an autodialer in direct contravention of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. The TCPA regulates, among other things, the use of automatic telephone dialing systems ("ATDS"), or "autodialers" to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii).

3. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 751-53 (2012).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

6. Plaintiff is, and at all times mentioned herein was, an adult individual residing in Mission Viejo, California.

7. NFCU is, and at all times mentioned herein was, a credit union located at 820 Follin Lane, Vienna, Virginia 22180.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

8. The TCPA prohibits using ATDS to call a cellular telephone without prior express consent of the person being called, unless the call is for emergency purposes. 47 U.S.C. § 227(1)(A)(iii).

9. 47 U.S.C. § 227(a)(1) defines ATDS as equipment having the capacity –

(A)  to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B)  to dial such numbers.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

10. In or around February, 2015, Defendant began calling Plaintiff's cellular telephone using an ATDS. Defendant called from phone number 800-352-6495.

11. The telephone number to which Defendant placed calls to Plaintiff (949-xxx-6433) was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

12. When Plaintiff answered the calls, he heard a period of silence before a NFCU representative came on the line. The period of silence is indicative of the use of an ATDS as the pause indicates a transfer of the connected call, through the ATDS to a live agent. This feature is common with predictive dialers which dial numbers according to lists and pre-set campaigns and only transfer to a live agent when and if a call is answered.

CLASS ACTION COMPLAINT

13. The NFCU representatives indicated they were calling for a person unknown to Plaintiff named "Joshua Selter."

14. Plaintiff has never had a business relationship with NFCU and never agreed to be contacted by NFCU on his cellular telephone.

15. Plaintiff repeatedly asked NFCU representatives that the calls to his number stop. The calls did not stop.

16. Upon information and belief, the calls were placed using a sophisticated dialing machine, which has the capacity to store lists of phone numbers and dial such numbers pursuant to a preset program and otherwise dials sequentially, and which qualifies as an ATDS under the TCPA.

17. Absent his prior express consent, automated or prerecorded calls to the Plaintiff's cellular telephone were in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

**A.** *The Class*

18. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

19. Plaintiff represents, and is a member of the following classes (the "Classes"):

**TCPA Class**

**All persons within the United States to whom Defendant or its agent/s and/or employee/s made telephone calls using an ATDS and (1) such call was to a cellular telephone number and (2) such person did not provide prior express consent to receive such a call. The class period encompasses the four year period preceding the filing of this complaint.**

**TCPA Revoke Class**

**All persons within the United States to whom Defendant or its agent/s and/or employee/s made telephone calls using an ATDS and (1) such call was to a cellular telephone number and (2) such person informed Defendant to stop calling. The class period encompasses the four year period preceding the filing of this complaint.**

20. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes Class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

21. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to modify or expand the class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

**B.** *Numerosity*

22. Upon information and belief, Defendant has placed calls with ATDS to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

23. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**C.** *Common Questions of Law and Fact*

24. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. These questions include:

    a. Whether Defendant made non-emergency calls to Plaintiff and the Class members' cellular telephones using an ATDS;

    b. Whether Defendant can meet its burden of showing it obtained prior express consent to make each call;

    c. Whether Defendant's conduct was knowing and/or willful;

    d. Whether Defendant is liable for damages, and the amount of such damages; and

    e. Whether Defendant should be enjoined from such conduct in the future.

25. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely places unauthorized automated calls to telephone numbers assigned to cellular telephones is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D.** *Typicality*

26. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E.** *Protecting the Interests of the Class Members*

27. Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

**F.** *Proceeding Via Class Action is Superior and Advisable*

28. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the

CLASS ACTION COMPLAINT

prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

29. Management of this class action is unlikely to present any difficulties. Several courts have certified classes in TCPA actions. These cases include, but are not limited to: *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036 (9th Cir. 2012); *Abdeljalil v. General Elec. Capital Corp.*, 306 F.R.D. 303 (S.D. Cal. 2015); *Lee v. Stonebridge Life Ins. Co.*, 289 F.R.D. 292 (N.D. Cal. 2013); *Vandervort v. Balboa Capital Corp.*, 287 F.R.D. 554 (C.D. Cal. 2012); *Mitchem v. Ill. Collection Serv.*, 271 F.R.D. 617 (N.D. Ill. 2011); *Sadowski v. Med1 Online, LLC*, 2008 WL 2224892 (N.D. Ill., May 27, 2008); *CE Design Ltd. V. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D. Ill. 2009); *Lo v. Oxnard European Motors, LLC*, 2012 WL 1932283 (S.D. Cal., May 29, 2012).

## COUNT I
## Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

30. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

31. Defendant placed multiple prerecorded or artificial calls to cellular numbers belonging to Plaintiff and the other members of the Classes without their prior express consent.

32. Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

33. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

34. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

35. Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;
- Defendant used an ATDS; and
- Defendant placed calls to the Plaintiff and the Classes without prior express consent.

## COUNT II
### Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

36. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

37. Defendant knowingly and/or willfully placed multiple prerecorded or artificial calls to cellular numbers belonging to Plaintiff and the other members of the Classes without their prior express consent.

38. Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

39. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Classes are entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

40. Additionally, Plaintiff and the Classes are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

41. Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;
- Defendant knowingly and/or willfully used an ATDS on calls to Plaintiff and the Classes;

- Defendant knowingly and/or willfully disregarded Plaintiff's and Class members' requests for Defendant to stop calling;
- It is Defendant's practice and history to place automated telephone calls to consumers without their prior express consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant Plaintiff and the Classes the following relief against Defendant as follows:

1. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;
2. Declaratory relief as prayed for herein;
3. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
4. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);
5. An award of attorneys' fees and costs to counsel for Plaintiff and the Classes; and
6. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 9, 2015          LEMBERG LAW, LLC

By: */s/ Trinette G. Kent*_____
Trinette G. Kent
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

CLASS ACTION COMPLAINT